IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

EDDIE CHRISWELL                                                              PLAINTIFF

V.                          CASE NO. 3:15-CV-03091

SHERIFF MIKE MOORE, Boone
County, Arkansas; JAIL ADMINISTRATOR
JASON DAY; NURSE JODI WOODS,
Southern Health Partners, Inc.; SOUTHERN
HEALTH PARTNERS, INC.; and BOONE
COUNTY, ARKANSAS                                                          DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff Eddie Chriswell, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

Plaintiff was incarcerated in the Boone County Detention Center ("BCDC") at all times relevant to this lawsuit. He filed this lawsuit on October 1, 2015, maintaining he was being denied adequate medical care. The case is before the Court on a Motion to Dismiss (Doc. 10) filed by Separate Defendants Southern Health Partners, Inc. ("SHP") and Nurse Jodi Woods. Plaintiff has not responded to the Motion.

### I. BACKGROUND

On May 30, 2015, Plaintiff was booked into the BCDC. Doc. 1 at 5. He advised the booking officers that he was on Depakote 500 mg. twice daily and Trazadone 100 mg. once a day. *Id.* When he did not begin receiving his prescriptions, he submitted a written medical request. *Id.* After this, Nurse Jodi Woods ("Nurse Jodi") had him sign a release so that she could obtain his medical records. *Id.*

As a result of not having his medication, Plaintiff began having "bad thoughts and

1

dreams again." *Id.* After a week or two, Plaintiff wrote to Jason Day about not getting his medication. *Id.* After that, Nurse Jodi came back and was rude to him and said it was difficult to get a hold of Nevada Regional Mental Health Unit. *Id.* She also said that Health Resources of Arkansas indicated they had never heard of him. *Id.*

On September 14, 2015, Plaintiff states he gave Nurse Jodi a copy of his medical jacket he received when he wrote the medical care provider. *Id.* He still did not receive his medications. In fact, Plaintiff alleges he was without his medications the entire time he was at the BCDC and was not seen by any doctor in order to get his medications started.

Plaintiff was transferred to the Arkansas Department of Correction on February 2, 2016. (Doc. 21, p. 1). On February 3, 2016, Plaintiff states he began receiving his medication. *Id.*

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (finding that while *pro se* complaints are to be liberally construed, they must allege sufficient facts to support the claims).

### III. DISCUSSION

SHP and Nurse Jodi maintain that Plaintiff failed to allege any facts that show an official institutional policy or custom reflecting deliberate indifference to his serious medical needs. SHP and Nurse Jodi therefore move for dismissal of all official capacity claims against them. As noted above, Plaintiff did not respond to the Motion to Dismiss.

Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." *Vetch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Boone County has contracted with SHP to provide health care to County prisoners. Therefore, the official capacity claims against Nurse Jodi are treated as claims against SHP.

A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate."

3

*Jenkins v. Cty. of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging a denial of adequate medical treatment is insufficient. Plaintiff has not pointed to any SHP principle or procedure made by the "institution's official who has final authority in such matters." *Id*.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct. The official capacity claims should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that the Motion to Dismiss (Doc. 10) is **GRANTED**. The Clerk of Court is directed to terminate Southern Health Partners as a Defendant, and the official capacity claims against Nurse Jodi Woods are **DISMISSED**.

**IT IS SO ORDERED** on this 20th day of June, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE